IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHNATHAN M. PARKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIV. ACT. NO. 1:23-cv-43-TFM-N |
| | ) |
| RICHARD HETRICK | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On October 2, 2023, the Magistrate Judge entered a report and recommendation which recommends this petition be dismissed without prejudice for failure to prosecute. *See* Doc. 7. It further recommends the denial of a certificate of appealability and denial to proceed on appeal *in forma pauperis*. No objections were filed.

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). Therefore, the Court

finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd.*, 432 F.3d at 1337 (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

Since the filing of his petition on January 28, 2023, there has been no additional action by the Petitioner despite several orders for him to act.  *See* Docs. 2, 3, 4, 6.

Accordingly, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and there having been no objections filed, the Report and Recommendation of the Magistrate Judge is **ADOPTED** and this petition is **DISMISSED without prejudice** pursuant to Rule 41(b) for failure to prosecute.  Further the Court determines that Petitioner is not entitled to a Certificate of Appealability.

Additionally, 28 U.S.C. § 1915(a) provides that, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  In making this determination as to good faith, a court must use an objective standard, such as whether the appeal is "frivolous," *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962), or "has no substantive merit." *United States v. Bottoson*, 644 F.2d 1174, 1176 (5th Cir. Unit B May 15, 1981) (per curiam);[1] *see also Rudolph v. Allen*, 666 F.2d 519, 520 (11th Cir. 1982) (per curiam); *Morris v. Ross*, 663 F.2d 1032 (11th Cir. 1981).  Stated differently:

> This circuit has defined a frivolous appeal under section 1915(d) as being one "'without arguable merit.'"  *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987) (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir.1976)).  "'Arguable means capable of being convincingly argued.'"  *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir.1990) (per curiam) (quoting *Menendez*, 817 F.2d at 740 n.5); *see Clark*, 915 F.2d at 639 ("A lawsuit [under section 1915(d)] is frivolous if the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit that were handed down prior to the close of business on September 30, 1981.

'plaintiff's realistic chances of ultimate success are slight.'" (quoting *Moreland*, 899 F.2d at 1170)).

*Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991); *see also Weeks v. Jones*, 100 F.3d 124, 127 (11th Cir. 1996) (stating that "[f]actual allegations are frivolous for purpose of [28 U.S.C.] § 1915(d) when they are 'clearly baseless;' legal theories are frivolous when they are 'indisputably meritless.'") (citations omitted).

The Court certifies that any appeal would be without merit and not taken in good faith and therefore, Plaintiff is not entitled to proceed *in forma pauperis* on appeal. However, nothing in this order prevents the Plaintiff from filing a request directly with the Eleventh Circuit Court of Appeals.

The Clerk of Court is **DIRECTED** to enter this document on the civil docket as a Final Judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** this 7th day of November, 2023.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE